UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

MUSA ZONJA,

    Plaintiff,

v.                                  Case No. 8:21-cv-2128-VMC-MRM

LEVI BLAKE, individually,
COMPTON PERSAUD, individually;
and BOB GUALTIERI, in his official
capacity as Sheriff of Pinellas
County, Florida,

    Defendants.
_____/

**ORDER**

This matter comes before the Court pursuant to Plaintiff Musa Zonja's Motion for Bond (Doc. # 52), filed on April 5, 2023. Defendants responded on April 19, 2023. (Doc. # 53). For the reasons that follow, Mr. Zonja's motion is granted to the extent that the Court will stay the bill of costs. However, Mr. Zonja's request to waive the supersedeas bond requirement is denied.

**Discussion**

On January 10, 2023, judgment was entered in favor of Defendants and against Mr. Zonja on all counts of the complaint. (Doc. # 46). On January 19, 2023, Defendants filed a proposed bill of costs with the Court. (Doc. # 47). In his

1

response to the bill of costs, Mr. Zonja stated his intent to file an appeal, and requested that the Court stay the bill of costs during the pendency of his appeal. (Doc. # 48). Mr. Zonja then filed a notice of appeal on February 9, 2023. (Doc. # 49). Subsequently, on March 22, 2023, the Court entered an order directing Mr. Zonja to file a motion explaining the amount of security he seeks to post in order to obtain his stay. (Doc. # 51). Mr. Zonja thereafter filed the present motion, requesting that the Court set the supersedeas bond at $0.00 because of his financial situation. (Doc. # 52). Defendants oppose Mr. Zonja's request for an unsecured stay. (Doc. # 53).

Federal Rule of Civil Procedure 62(b) governs motions to stay execution of a judgment and states: "At any time after judgment is entered, a party may obtain a stay by providing a bond or other security. The stay takes effect when the court approves the bond or other security and remains in effect for the time specified in the bond or other security." Fed. R. Civ. P. 62(b).

"The purpose of a supersedeas bond is to preserve the status quo while protecting the non-appealing party's rights pending appeal." Prudential Ins. Co. of Am. v. Boyd, 781 F.2d 1494, 1498 (11th Cir. 1986). Indeed, "[i]t is within the

court's discretion to fashion a security arrangement that protects the rights of both the judgment creditor and the judgment debtor." Id. at 1498. The district court has the discretion to determine an amount of bond or security that is "reasonable under the circumstances." Endurance Am. Specialty Ins. Co. v. Safeco Ins. Co. of Illinois, No. 8:17-CV-2832-VMC-CPT, 2020 WL 9597112, at *2 (M.D. Fla. Jan. 7, 2020).

However, under certain circumstances, courts may waive the bond requirement "where the appellant objectively demonstrates a present financial ability to facilely respond to a money judgment and presents to the court a financially secure plan for maintaining that same degree of solvency during the period of an appeal." Chmielewski v. City of St. Pete Beach, 8:13-cv-3170-JDW-MAP, 2016 WL 7438432, at *1 (M.D. Fla. Sep. 16, 2016). Even so, "[t]he alleviation of the bond requirement is an extraordinary remedy that requires extraordinary circumstances to justify [it]." Suntrust Bank v. Ruiz, No. 1421107-CIV-LENARD/GOODMAN, 2015 WL 11216713, at *3 (S.D. Fla. Nov. 6, 2015). The burden is on the appellant to "present a financially secure plan to maintain its ability to satisfy the judgment during the pendency of the appeal." Advanced Estimating Sys., Inc. v. Riney, 171 F.R.D. 327, 328 (S.D. Fla. 1997) (quotation omitted).

In considering whether to waive the supersedeas bond requirement, courts look to five factors:

> (1) the complexity of the collection process; (2) the amount of time required to obtain a judgment after it is affirmed on appeal; (3) the degree of confidence that the district court has in the availability of funds to pay the judgment; (4) whether the defendant's ability to pay the judgment is so plain that the cost of a bond would be a waste of money; and (5) whether the defendant is in such a precarious financial situation that the requirement to post a bond would place other creditors of the defendant in an insecure position.

Chmielewski, 2016 WL 7438432, at *1 (quoting Dillon v. City of Chicago, 866 F.2d 902, 904-05 (7th Cir. 1998)). In short, in exercising the discretion to waive the supersedeas bond requirement, courts evaluate whether the moving party is "financially solvent and capable of paying the judgments against them as well as any post-judgment interest, such that the requirement of a bond is unnecessary and a waste of money." Havana Docks Corp. v. Carnival Corp., No. 19-CV-21724, 2023 WL 2497884, at *2 (S.D. Fla. Mar. 14, 2023); see Handley v. Werner Enterprises, Inc., No. 7:20-CV-235 (WLS), 2023 WL 2490758, at *4 (M.D. Ga. Feb. 7, 2023) (declining to waive the supersedeas bond requirement where the party had "not provided any assurance that funds will be available to pay the Judgment, if necessary, at the conclusion of the appeal").

4

Here, Mr. Zonja does not rely on his financial solvency to support his request for an unsecured stay. Rather, he asserts that because of his financial situation, he is unable to pay for a supersedeas bond or any other security. (Doc. # 52-1 at ¶ 4). Mr. Zonja does not present any authority to support the proposition that financial hardship is a factor courts should consider in determining whether to waive the supersedeas bond requirement. Indeed, the applicable authority indicates that financial hardship would weigh against a waiver.

Thus, while the Court recognizes Mr. Zonja's financial situation, it nevertheless finds that the <u>Dillon</u> factors counsel against permitting an unsecured stay. While the Court will stay the bill of costs pending appeal, it will also set a supersedeas bond in the amount of the costs taxed.

Accordingly, it is

**ORDERED, ADJUDGED,** and **DECREED:**

(1) Plaintiff Musa Zonja's Motion for Bond (Doc. # 52) is **GRANTED IN PART.**

(2) The Court authorizes Mr. Zonja to post a supersedeas bond in the amount of $2,928.80 and finds that the posting of the bond provides adequate security to

Defendants for its interest in the bill of costs during the pendency of Mr. Zonja's appeal.

(3) The Court stays the bill of costs pending disposition of Mr. Zonja's appeal.

**DONE** and **ORDERED** in Chambers, in Tampa, Florida, this 28th day of April, 2023.

VIRGINIA M. HERNANDEZ COVINGTON
UNITED STATES DISTRICT JUDGE